IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAISAM NIJEM,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. BANCORP dba U.S. BANK, a Delaware Corporation; U.S. BANK NATIONAL ASSOCIATION; CHRIS DELEGANS, an individual; and DOES 1-50,<br><br>    Defendants.<br>_____/ | No. C 11-04042 CW<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES<br>(Docket No. 10) |

    This case is a wrongful termination lawsuit. After Plaintiff Haisam Nijem brought suit in Alameda County Superior Court, Defendants U.S. Bancorp, doing business as U.S. Bank; U.S. Bank National Association; and Chris Delegans removed the action to this Court. Plaintiff seeks an order remanding the case to state court. Docket No. 10. Defendants oppose the motion. Having considered the parties' submissions, the Court DENIES without prejudice the motion to remand and DENIES Plaintiff's request for attorneys' fees.

## BACKGROUND

    Plaintiff's complaint refers to U.S. Bancorp, doing business as U.S. Bank, and U.S. Bank National Association, collectively, as his employer. According to the allegations, Plaintiff worked for his employer as a mortgage loan officer from October 8, 2007

through January 12, 2011, based at a branch office in Fremont, California.  Plaintiff was born in Lebanon and is of Palestinian descent.  He claims that his employer discriminated against him based on his race and national origin and retaliated against him, in violation of the California Fair Employment and Housing Act, Cal. Govt. Code § 12900, et seq., and other provisions of California law.  Plaintiff further alleges a tort cause of action against his employer and individual defendant Delegans for assault and battery.

With respect to the assault and battery claim, Plaintiff alleges the following.  On or about Thursday, September 2, 2010, Plaintiff was called into a meeting with his District Manager, Helen Anderson, and Delegans, who had just recently obtained the position of Regional Manager.  First Amended Complaint at ¶ 16.  This meeting was Plaintiff's first occasion to meet Delegans.  Id.  Delegans "began the meeting by stating directly to Plaintiff, 'If you had not noticed, you don't look like us.'"  Id.  Plaintiff was shocked as he was in compliance with the company dress code for persons in his position.  Id.  Delegans continued, stating that the employer "was trying to give the customer a great experience, and if a customer came in and saw Plaintiff, their experience would be 'ruined.'"  Id.  After making several other "offensive and unfounded comments" to Plaintiff, as the meeting came to a close, Delegans "without Plaintiff's permission . . . touched Plaintiff several times on his back."  Id. at ¶ 16-17.  Plaintiff

2

further claims that his "[e]mployer, through Defendant Delegans, intended to cause or to place Plaintiff in apprehension of an offensive contact with Plaintiff's person, and in fact placed Plaintiff in great apprehension of an offensive contact with his person." Id. at ¶ 79. In addition, the "employer, through Defendant Delegans, intended to make a contact with Plaintiff's person and in fact made such a contact." Id. at ¶ 80. Plaintiff claims that his employer and Delegans' "conduct in this regard was willful, wanton, malicious, oppressive and in violation of Plaintiff's rights . . ." Id. at ¶ 84.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal

3

subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. The defendant need only demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However, there is a presumption against finding fraudulent joinder and defendants who assert it have a heavy burden of persuasion. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Fraudulent joinder claims may be resolved by piercing the pleadings and considering evidence such as affidavits and deposition testimony. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th

Cir. 2001) (citing <u>Cavallini v. State Farm Mutual Auto Ins. Co.</u>, 44 F.3d 256, 263 (5th Cir. 1995))

DISCUSSION

Defendants assert that Delegans is a sham defendant. Defendants contend that Plaintiff lacks any viable cause of action against Delegans because the allegations of assault and battery are preempted by California's workers' compensation law, which generally provides the exclusive remedy against fellow employees who, while acting within the scope of employment, cause a plaintiff injury. Defendants further argue that Plaintiff has failed to plead the statutory exception to the exclusivity of workers' compensation remedies under Labor Code section 3601(a)(1). This provision states that an employee has, in addition to the right to compensation against the employer, a right to bring an action at law for damages against an employee when the injury "is proximately caused by the willful and unprovoked physical act of aggression of the other employee." Cal. Labor Code § 3601(a)(1).

Plaintiff argues first that <u>Hunter v. Phillip Morris</u>, 582 F.3d 1039 (9th Cir. 2009), forecloses Defendants' argument. In <u>Hunter</u>, the Ninth Circuit reversed a district court's fraudulent joinder ruling in an action in which a plaintiff brought a wrongful death suit against a cigarette manufacturer, its parent company and an Alaska corporation that sold cigarettes in that state. The district court found that federal law preempted the

5

plaintiff's state product liability claim against the non-diverse defendant, the Alaska corporation, and, therefore, the Alaska corporation was fraudulently joined and the district court retained diversity jurisdiction.  Id. at 1043-44.  The Ninth Circuit reversed the district court, stating, "When a defendant asserts that the plaintiff's claim is impliedly preempted by federal law, it cannot be said that the plaintiff's failure to state a claim against the resident defendant is 'obvious according to the settled rules of the state.'"  Id. at 1045.  Because "the preemption question requires an inquiry into the merits of the plaintiff's claims against all defendants and an analysis of federal law. . . the defendant has failed to overcome the 'strong presumption against removal jurisdiction.'"  Id.  Hunter is inapposite, with respect to the present case, because Defendants' argument is not one of federal preemption.  Rather, Defendants contend that Plaintiff has failed to state a claim against Delegans because the claim is precluded by California's workers' compensation law.

    The Ninth Circuit in Ritchey v. Upjohn Drug. Co., 139 F.3d 1313, 1319 (9th Cir. 1998), also grappled with a defendant's contention that a sham defendant had been alleged to destroy diversity jurisdiction.  The court noted that, where the complaint does not otherwise include a federal cause of action, the defense of federal preemption must generally be raised in state court, relying on well established law that a defense based on federal

law does not give rise to federal jurisdiction. Id. Thus, Ritchey's reasoning supports the conclusion that the present case is distinguishable from Hunter.

Ninth Circuit cases demonstrate that the court may determine whether a defendant is fraudulently named by evaluating, under state law, whether a claim can be proved against the non-diverse defendant. In McCabe, the court, weighing allegations in the plaintiff's complaint, as well as evidence submitted by declaration, held that two managers were fraudulently named as individual defendants because their allegedly wrongful conduct was privileged under California law, precluding the plaintiff's wrongful discharge claims. Id. at 1339. The McCabe plaintiff's claim for negligent infliction of emotional distress failed because the plaintiff conceded that the claim flowed from his cause of action for interference with a contractual relationship, but the interference with contract claim was defective. Id. Similarly, the claim for intentional infliction of emotional distress was not viable because it lacked the requisite allegations and evidence of outrageousness. Id.

In Kruso v. Int'l Telephone & Telegraph Corp., 872 F.2d 1416 (9th Cir. 1989), the Ninth Circuit affirmed the dismissal of claims against two sham defendants and the refusal to remand the action to state court, based on its determination that the plaintiffs could not prevail on their claims against the non-diverse defendants because the plaintiffs were not party to the

7

agreement underlying the claims alleged against the non-diverse defendants.

Defendants are correct with respect to two points. First, to circumvent preemption by California's workers' compensation law, Plaintiff must plead an injury that "is proximately caused by the willful and unprovoked physical act of aggression of the other employee," Cal. Labor Code § 3601(a)(1), such that Delegans' conduct occurred outside the scope of his employment. Defendants are also correct that the present allegations describe an incident less egregious than that at issue in <u>Jones v. Department of Corrections and Rehabilitation</u>, 152 Cal. App. 4th 1367 (2007), where the court held that the workers' compensation exclusivity rule precluded the plaintiff's assault and battery claim. <u>Jones</u> held that undisputed evidence that a defendant co-worker grabbed the plaintiff's arm and started "banging her body around and stuff" during an altercation over a wheelbarrow was insufficiently severe to demonstrate that the conduct occurred outside the scope of the defendant's employment. <u>Id.</u> at 1383-84. <u>Jones</u> arrived at this conclusion by comparing the incident to a case in which the California Supreme Court found that an employee's act of throwing a hammer at a coworker was within the scope of employment for purposes of determining the employee's immunity from liability under section 3601(a)(1). <u>Id.</u> at 1384 (citing <u>Torres v. Parkhouse</u>, 26 Cal. 4th 995, 1008 (2001)).

Here, the parties have argued the motion solely on the basis of the complaint. Plaintiff alleges that Delegans touched him on his back several times without his permission. The touching occurred in the context of a conversation in which Delegans allegedly made several offensive, discriminatory statements directed at Plaintiff because of his race and national original. In his briefing Plaintiff represents that Delegans hit him several times on the back. Although Plaintiff insufficiently alleges that Delegans engaged in a willful and unprovoked physical act of aggression against Plaintiff, he may be able to do so in an amended complaint. See Vincent v. First Republic Bank Inc., 2010 WL 1980223, *4-5 (N.D. Cal.) (granting plaintiff's motion to remand, holding that although plaintiff's complaint may fall short of alleging outrageous conduct, with respect to the claim for intentional infliction of emotional distress, the court could not conclude that plaintiff had absolutely no possibility of stating a claim, if permitted the opportunity to amend.) The applicable standard to determine whether a defendant has been fraudulently joined turns on whether there is any possibility that Plaintiff could allege a viable claim against the non-diverse defendant. Given Defendants' heavy burden of persuasion and the presumption against finding fraudulent joinder, as well as Plaintiff's insufficient allegations of assault and battery, Plaintiff's motion to remand is denied without prejudice.

9

CONCLUSION

Plaintiff's motion to remand this action is DENIED without prejudice. Docket No. 10. Within a week of the date of this order, Plaintiff may file an amended complaint with further allegations regarding his assault and battery claim against Mr. Delegans to remedy the deficiencies identified in this order, if he can do so truthfully. If Plaintiff does so, Plaintiff may, at that time, renew his motion to remand the case to Alameda County Superior Court. He need not notice the motion for hearing or file additional argument. Defendants may file an opposition to the motion to remand, addressed to the amended complaint, seven days later. Plaintiff may file a brief reply within four days after that. The motion will be decided on the papers. Unless the matter has been remanded by that time, a case management conference will be held as scheduled on November 29, 2011 at 2:00 pm.

Plaintiff's request for attorneys' fees, pursuant to Title 28 U.S.C. § 1447, is DENIED.

IT IS SO ORDERED.

Dated: October 26, 2011

CLAUDIA WILKEN
United States District Judge